**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RICHARD SANDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1324** |
| **PHILIP HEBERT, WARDEN** | **SECTION "B" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth

below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this habeas petition, **RICHARD SANDERSON** seeks relief from his June 19, 2003 state court conviction via guilty plea for one count of identity theft, a violation of La. R.S. 14:67.16, and for two counts of issuing worthless checks valued over $500.00, violations of La. R.S. 14:71.  Sanderson was sentenced to a term of three years (3) years on count one, identity theft, and to a term of five (5) years on each of the two counts of issuing worthless checks, all sentences to be served concurrently. His sentences were, however, suspended and Sanderson was put on active probation for a period of three (3) years.[1]

On May 19, 2004, Sanderson's probation was revoked and his sentence of five (5) years became executory.[2]

On March 1, 2005, Sanderson filed an application for writs with the Louisiana Court of Appeal, Fifth Circuit. Writs were denied on March 4, 2005, with the

---

[1]See Bill of Information filed March 31, 2003; Plea of Guilty/Waiver of Rights form relative to Case No. 02-3082, 24th Judicial District Court, Parish of Jefferson; Minute entry dated June 19, 2003; Transcript of proceedings dated June 19, 2003, all found in State Rec. vol. 1. See also Plea of Guilty/Waiver of Rights form relative to Case No. 03-1571, 24th Judicial District Court, Parish of Jefferson, Minute entry dated June 19, 2003, all found in State Rec. vol. 2.

[2]See Minute Entry dated May 19, 2004, State Rec. vol. 2.

2

Louisiana Court of Appeal ruling, "Writ denied.  Relator's probation was revoked on May 19, 2004.  The delay established for supervisory review of that revocation has long since expired.  URCA Rule 4-3.  Accordingly, this writ application is denied."[3] Petitioner did not file for review of this writ application or for any other review from the Louisiana Supreme Court.[4]

On or about March 8, 2005, Richard Sanderson filed a petition for federal writ of habeas corpus with this court.[5]  In his federal habeas application, petitioner attempts to raise fourteen issues, which he previously raised in an untimely fashion with the

---

[3]*State v. Sanderson,* (No. 05-KH-236)(La. App. 5th Cir. 03/04/05), a copy of which can be found in State Rec. vol. 2.

[4]*See* Letter dated June 1, 2005, verifying that Richard Sanderson has not filed any writ applications in the Louisiana Supreme Court relative to 24th Judicial District Court case numbers 02-3082 and 03-1571, attached as Exhibit A to State's Response, Fed. Rec. Doc. 14.

[5]This March 8, 2005, filing date was ascertained via the Court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing.  *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

state appellate court in Writ No. 05-KH-236.[6]  The State claims, in its response to the habeas petition, that petitioner has failed to exhaust his state court remedies with regard to all of his claims.  The State also alternatively posits that some although not all of petitioner's claims are untimely filed.[7]

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to *habeas corpus* relief.  28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987).  A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief.  *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205.

Sanderson has failed to exhaust available state court remedies before he filed his federal *habeas* petition. To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts." *Anderson v.*

---

[6]*See* this Court's Minute Entry dated April 28, 2005, wherein the court indicated petitioner had contacted the court and wished to proceed on the claims raised in Writ No. 05-KH-236.  The minute entry was incorrect, however, in referring to 05-KH-236 as a writ of certiorari filed with the Louisiana Supreme Court and is hereby corrected to reflect that Writ No. 05-KH-236 was actually an untimely writ application filed with the Louisiana Court of Appeal, Fifth Circuit.

[7]*See* State's response at pp. 3-6, Fed. Rec. Doc. 14.

4

*Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).   Therefore, petitioner's habeas corpus petition must be dismissed without prejudice to allow the state courts an opportunity to rule on the merits of Richard Sanderson's unexhausted claims.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Richard Sanderson for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[8]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

---

[8]Since a determination on whether some of Sanderson's claims are untimely would not entirely resolve his federal habeas petition, the court does not address the State's assertion that some of Sanderson's claims are time-barred from federal review.

notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 4th day of May, 2006.

_____

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE